IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANNON STEEDE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-02136-DDC-TJJ |
| | ) |
| FREIGHT LOGIC INC., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**VERIFIED COMPLAINT AND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED HEARING**

COMES NOW the Plaintiff, Shannon Steede, and brings this Verified Complaint and Emergency Motion for a Temporary Restraining Order (TRO), Preliminary Injunction, and other relief against Defendants Freight Logic Inc. (dba TalkFreight.ai), Mike Levy, and David Burdick. In support thereof, Plaintiff states as follows:

## I. INTRODUCTION

Plaintiff, an equal shareholder, director, and the inventor of the software and proprietary technology behind Freight Logic Inc., was unlawfully removed without a proper shareholder vote, in violation of Kansas corporate law and the company's Founders Agreement. Defendants engaged in fraudulent misrepresentation, misappropriation of Plaintiff's intellectual property, shareholder oppression, and financial misconduct to exclude Plaintiff from company operations and control future profits.

Plaintiff relocated from Massachusetts to Kansas City to help launch Freight Logic Inc., relying on the agreement that he would serve as a co-founder, CTO, shareholder, and Vice President. This significant move demonstrates Plaintiff's full commitment to the company and further highlights the severe damages caused by his wrongful removal.

Plaintiff seeks immediate court intervention to reinstate his corporate position, prevent Defendants from engaging in further unauthorized financial actions, and ensure full transparency of corporate records.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.
2. Venue is proper under 28 U.S.C. § 1391 because Freight Logic Inc. is headquartered in Kansas, and the events giving rise to this action occurred in Kansas.

## III. STATEMENT OF FACTS

1. Plaintiff is an equal shareholder (33.33%) and a named director of Freight Logic Inc., as evidenced by the Founders Agreement, corporate bylaws, and company formation documents.

2. Plaintiff is the sole inventor of the company's proprietary software and technology, having developed the core intellectual property on August 14, 2023, before the company's formation.

3. On March 19, 2025, Defendants unilaterally attempted to remove Plaintiff from the Board of Directors and revoke his ownership interest without proper notice, shareholder approval, or compliance with corporate governance laws.

4. No legal shareholder vote was held, and Plaintiff was never provided an opportunity to dispute or contest the removal, violating Kansas Statutes § 17-6510.

5. Defendants have engaged in fraudulent misrepresentation, making false statements to customers and investors about the company's software, in violation of 15 U.S.C. § 78j(b) (Securities Exchange Act – Rule 10b-5).

6. Defendants misappropriated Plaintiff's intellectual property, violating 18 U.S.C. § 1832 (Economic Espionage Act – Theft of Trade Secrets).

7. Defendants have concealed financial records and hired a consultant without notifying Plaintiff, breaching their fiduciary duties under Kansas Statutes § 17-6301(k).

8. Defendant Mike Levy engaged in financial misconduct by authorizing transactions exceeding the $1,000 threshold outlined in the corporate governance documents, without the required approval of all partners.

9. These unauthorized financial transactions violate Kansas Statutes § 17-6301(a) (Directors' duty to manage corporate affairs properly) and Kansas Statutes § 17-6422 (Corporate funds misuse and unjust enrichment).

10. Defendants have refused to disclose corporate financials, investor agreements, and revenue projections, further jeopardizing the company's ability to operate lawfully.

CORE/3005694.0005/196412803.1

11. Without an emergency court order, the company risks severe financial instability, reputational damage, and operational collapse due to Defendants' reckless actions.

12. Defendants must be prohibited from contacting vendors, investors, or making any disparaging statements about Plaintiff to protect the company's business relationships and ensure an orderly transition.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order (TRO) and Preliminary Injunction preventing Defendants from enforcing Plaintiff's removal or engaging in further financial misconduct.

2. Restore Plaintiff's position as a shareholder, CTO and director. During this case, plaintiff will fill the role of CEO.

3. Compel Defendants to disclose all corporate records, including full accounting and financial statements, to ensure business continuity and financial stability.

4. Freeze corporate assets to prevent financial misappropriation while allowing Plaintiff to maintain full control over all aspects of financial operations, including accounts receivable and accounts payable, to ensure the company's continued stability and operations.

5. Prohibit Defendants from contacting vendors, investors, or making any disparaging remarks about Plaintiff or the company.

6. Award Plaintiff a minimum of one-third (33.33%) of projected profits over the next five years, totaling $14,967,710, based on the investor presentation and financial projections submitted to the Court.

7. Temporarily remove Defendants from any managerial, operational, or financial roles within the company and suspend any salary, compensation, or distributions they receive from Freight Logic Inc. until a final judgment is rendered in this case. Additionally, Defendants must be prohibited from using company funds to pay for their legal expenses in defending against this lawsuit.

8. Pursuant to Kansas Statutes § 17-6516, order the judicial removal of Defendants due to gross financial mismanagement, shareholder oppression, and breaches of fiduciary duty.

9. Schedule an expedited hearing within 7 days.

10. Award Plaintiff damages, attorney's fees, and any other relief deemed just and proper.

11. Order an independent investigation into Defendants' misrepresentations to customers and investors, including false claims regarding the company's software capabilities, financial status, and ownership structure. This investigation should determine the extent of financial and reputational harm caused and recommend legal recourse, including potential civil and regulatory penalties for fraudulent inducement and deceptive trade practices.

_____
Shannon Steede
Pro Se
7326 N Liberty Street
Kansas City, MO 64118
Telephone: (508) 776-5658
shannonwci@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st of March 2025, I mailed copies of this Verified Complaint and Emergency Motion for Temporary Restraining Order, Preliminary Injunction and Expedited hearing filed with the Clerk of the Court to the following:

Mike Levy
10036 Deerfield Lane, Brecksville, OH
Brecksville, OH 44141
mikel@talkfreight.ai

_____
Signature