### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANNON STEEDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-cv-02136-DDC-TJJ |
| | ) |
| MIKE LEVY, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Freight Logic Inc.'s Motion to Intervene (ECF No. 26) and Defendants Motion to Strike (ECF No. 51). Freight Logic Inc. ("Freight Logic") seeks an order allowing it to intervene in this action as of right pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, permissive intervention pursuant to Fed. R. Civ. P. 24(b)(1)(B). Defendants move to strike Plaintiff's response to the Motion to Intervene as procedurally improper. The Court grants both Freight Logic's Motion to Intervene and Defendants' Motion to Strike.

### I.   Background

On March 20, 2025, *pro se* Plaintiff Shannon Steede filed his Complaint naming Defendants Mike Levy and David Burdick (ECF No. 1). Plaintiff's original Complaint did not name Freight Logic as a defendant. On March 21, 2025, Plaintiff filed a Verified Amended Complaint (ECF No. 6) and a Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Motion for Expedited Hearing ("TRO Motion") (ECF No. 7). In the caption of the Amended Complaint and TRO Motion, Plaintiff includes Freight Logic as a defendant. On March

28, 2025, District Judge Crabtree held a status conference in this matter, where "Plaintiff clarified on the record that Defendant Freight Logic, Inc. is not a defendant in this action."[1]

The Amended Complaint alleges Plaintiff, as a shareholder and director of Freight Logic was unlawfully removed without a proper shareholder vote, and Defendants engaged in fraudulent misrepresentation, misappropriation of Plaintiff's intellectual property, shareholder oppression, and financial misconduct to exclude Plaintiff from company operations and control of future profits. Plaintiff ultimately seeks: (1) a temporary restraining order and preliminary injunction preventing Defendants from enforcing Plaintiff's removal; (2) restoration of Plaintiff's position as a shareholder, Chief Technology Officer, and director with Plaintiff filling the role of Chief Executive Officer during the pendency of the litigation; (3) an order freezing Freight Logic's corporate assets to prevent financial misappropriation while allowing Plaintiff to maintain full control over financial operations; (4) an order prohibiting Defendants from contacting vendors, investors, or making disparaging remarks about Plaintiff or the company; (5) an order awarding Plaintiff one-third of Freight Logic's projected profits over the next five years, totaling $14,96,710.00; (6) an order removing Defendants from managerial, operational, or financial roles in the company until final judgment is rendered in the case and prohibiting Defendants from using corporate funds to pay their legal expenses; (7) judicial removal of Defendants due to gross financial mismanagement, shareholder oppression, and breaches of fiduciary duty pursuant to K.S.A. § 17-6516; (8) an order awarding Plaintiff damages, attorney's fees, and any other relief deemed just and proper; and (9) an order requiring an independent investigation into Defendants' misrepresentations to customers and investors.

---

[1] Docket Annotation re Docket Entry 22 Status Conference.

On March 30, 2025, Freight Logic filed a Motion to Intervene (ECF No. 26), arguing Freight Logic, "has sufficient interest entitling it to intervention because Freight Logic risks having its rights and operations jeopardized by [Plaintiff's] requested relief."  Plaintiff filed a response to the Motion on March 31, 2025 (ECF No. 37).  Plaintiff's response does not state an objection to the proposed intervention, rather it merely opposes the merits of the claims set out in Movant's proposed Intervenor's Complaint.  Defendants subsequently filed a motion to strike the response (ECF No. 51) as procedurally improper.

## II.     Legal Standards

Under Federal Rule of Civil Procedure 24(a)(2), upon timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[2]  The Tenth Circuit holds a movant is entitled "to intervene as of right if: (1) the movant claims an interest relating to the property or transaction that is subject of the action; (2) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (3) the existing parties do not adequately represent the movant's interest."[3]  The Tenth Circuit has taken a "liberal approach to intervention [as a matter of right] and thus favors the granting of motions to intervene."[4]

---

[2] Fed. R. Civ. P. 24(a)(2).
[3] *Wyandotte Nation v. Salazar*, No. 11-cv-2656-JAR-DJW, 2014 WL 1231857 (D. Kan. Apr. 11, 2012) (quoting *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010)).
[4] *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

Federal Rule of Civil Procedure 24(b) also allows for permissive intervention. "On a timely motion, the court may permit intervention to anyone who . . . has a claim or defense that shares with the main action a common question of fact or law."[5]

### III.   Analysis

Freight Logic acknowledges and addresses each required element of Rule 24(a)(2), and in the alternative, seeks permissive intervention under Rule 24(b)(1)(B). The Court considers Freight Logic's alternative requests below.

#### a. Timeliness

The timeliness of a motion to intervene is determined "in light of all of the circumstances."[6] The Tenth Circuit has recognized three factors to determine if a motion to intervene is timely: "(1) the length of time since the movant knew of its interest in the case; (2) prejudice to existing parties; and (3) prejudice to the movant."[7] "'Prejudice' in this context means prejudice caused by the would-be intervenor's delay, not the practical prejudice that inevitably comes from defending against additional claims."[8]

This matter was filed on March 20, 2025. On March 28, 2025, Plaintiff clarified Freight Logic was not a defendant in this matter. Counsel entered their appearance on behalf of Mike Levy and David Burdick on March 28, 2025. To date, Plaintiff has not served any Defendant. Freight Logic filed their Motion to Intervene on March 30, 2025. Within ten days of the filing of the suit, and within two days of Plaintiff clarifying Freight Logic was not a defendant and their interest would not be protected, Freight Logic moved to intervene. Further, the parties have not

---

[5] Fed. R. Civ. P. 24(b)(1)(B).
[6] *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984).
[7] *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010).
[8] *Everst Indemnity Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 333 (D. Kan. 2020).

had an initial conference regarding planning and scheduling and discovery is not yet open.[9] The Court easily finds Freight Logic's motion is timely, and Plaintiff will not be prejudiced by the timing of the intervention.

### b. Freight Logic has an interest in the property at issue and could be impaired by the litigation.

The Court addresses the second and third elements together because they are closely related. The second element of Rule 24(a)(2) requires a movant to demonstrate it has an interest relating to the subject of the action, and the third requires a showing that such interest may be impaired or impeded by the litigation. "To satisfy these elements, the moving party bears a 'minimal' burden to show that it has an interest that could be adversely affected by the litigation."[10] A movant must show its interests in the property or transaction at issue is direct, substantial, and legally protectable—"one that would be impeded by the disposition of the action."[11] "The threshold for finding the requisite protectable interest is not high, and the mere threat of economic injury is sufficient for granting intervention."[12]

Plaintiff's Amended Complaint addresses Plaintiff's alleged removal as Freight Logic's Chief Technology Officer and technology he created for the company. Plaintiff seeks to have the court restore him as a shareholder, Chief Technology Officer, and director of Freight Logic. He also seeks to freeze Freight Logic's corporate assets, prevent the current officers from contacting vendors and investors, and award him one-third of Freight Logic 's projected profits over the next five years. Freight Logic clearly has an interest in the property at issue, as they are Freight Logic's

---

[9] *See LM Ins. Co. v. Smart Framing Construction LLC*, No. 24-2097-JAR-ADM, 2024 WL 4134898, at *2 (D. Kan. Sept. 10, 2024) (finding motion to intervene filed before a scheduling conference was held and discovery began was timely filed).
[10] *Id.*
[11] *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019).
[12] *LM Ins. Co.*, 2024 WL 4134898, at *2.

own corporate assets, technologies, and profits. Freight Logic's operations and finances could be impaired or impeded if Plaintiff's requested relief were granted. The Court finds Freight Logic has demonstrated it has an interest in the property which be impaired through this litigation.

### c. No other party adequately represents Freight Logic's interests.

The burden to establish inadequate representation by existing parties to the litigation is minimal.[13] "If the parties' interests are identical, the court may presume adequate representation. But the possibility of divergent interests is enough to satisfy this element and, to that end, the moving party need only show the potential for inadequate representation."[14]

The only parties named as Defendants in this matter are Mike Levy and David Burdick. They are current directors for Freight Logic, and the Court finds these individually named parties could possibly have interests which may diverge from Freight Logic's corporate interest in the above-discussed property. Because the individually named defendants and the corporate entity may not have identical interest in the property, it is clear no other party represents Freight Logic's interests in this litigation.

The Court therefore grants the motion to intervene because Freight Logic has satisfied the requirements for intervention as of right under Rule 24(a)(2).

### d. Permissive Intervention.

The Court also finds Freight Logic meets the requirements for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), which permits intervention by a movant who "has a claim or defense that shares with the main action a common question of law or fact."

---

[13] *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019).
[14] *Everst*, 335 F.R.D. at 335 (D. Kan. 2020); *Lamb v. Daimler Trucks N. Am., LLC*, No. 22-cv-2037-KHV-KGG, 2023 WL 4623821, at *3 (D. Kan. July 19, 2023) ("An outside party is properly represented when the objective of the applicant for intervention is identical to that of the one of the parties.").

Attached to the Motion as Exhibit A, Freight Logic includes a proposed Intervenor's Complaint.[15] Both Freight Logic in its proposed Intervenor's Complaint and Plaintiff in his Amended Complaint seek a determination of ownership and control of Freight Logic's website, technology, and stock. Further, both seek a determination as to the validity of Plaintiff's termination. The claims and defenses set out in Freight Logic's proposed Intervenor's Complaint and those set out in Plaintiff's Amended Complaint have similar questions of law and fact entitling Freight Logic to permissive intervention as a matter of law.

## IV. Defendants' Motion to Strike.

On March 31, 2025, Plaintiff filed a response to the Motion titled "Plaintiff's Reply to Verified Intervenor Complaint of Freight Logic Inc." (ECF No. 37) that Defendants move to strike (ECF No. 51). Plaintiff's response does not substantively address the Motion to Intervene, but instead responds to the proposed Verified Intervenor Complaint, which is attached to the Motion to Intervene as Exhibit A. Plaintiff's "Reply to the Verified Intervenor Complaint of Freight Logic Inc." outlines various responses to the claims set forth in proposed Verified Intervenor Complaint.

Pursuant to Fed. R. Civ. P. 12(a)(1), the time to serve a responsive pleading is "within 21 days after being served with the summons or complaint." Because the Court had not ruled on the Motion to Intervene, and the proposed Verified Intervenor Complaint has not been filed as an operative pleading, Plaintiff's response to it, including all attached exhibits, is premature, and will be stricken. Plaintiff may file a response to the Intervenor Complaint after it is filed in accordance with Fed. R. Civ. P. 12(a)(1).

---

[15] Mot. to Intervene, Ex. A, ECF No. 26-1.

Defendants also move to strike Plaintiff's "Affidavit of Shannon Steede Rebutting False Claims in Text Messages from Defendant Mike Levy" (ECF No. 34).  Plaintiff filed this affidavit in isolation, and not attached to any motion.  The affidavit states, under a section titled "relief sought," that Plaintiff requests the "affidavit be accepted in support of all pending motions . . . ."

Fed. R. Civ. P. 6(c)(2) requires "any affidavit supporting a motion must be served with the motion."  While the Court must construe *pro se* filings liberally, the Court does not, however "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.  Moreover, *pro se* parties must follow the same rules of procedure that govern other litigants."[16]  Therefore, the Court strikes Plaintiff's "Affidavit of Shannon Steede Rebutting False Claims in Text Messages from Defendant Mike Levy" (ECF No. 34) for failure to comply with Fed. R. Civ. P. 6(c)(2).

**IT IS THEREFORE ORDERED** that Freight Logic's Motion to Intervene (ECF No. 26) is GRANTED.  Freight Logic shall file its Intervenor Complaint (ECF No. 26-1) within five (5) days of the Court's Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Documents 34, 37, and 37-1 (ECF No. 51) is GRANTED.  Document 34, to the extent it may be construed relevant herein, and Documents 37, and 37-1 are hereby stricken.

**IT IS SO ORDERED**.

Dated April 14, 2025, at Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge

---

[16] *Smith v. Hollinghead*, No. 20-3179-SAC, 2022 WL 2355401, at *1 (D. Kan. June 30, 2022) (internal quotations omitted).