UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANNON STEEDE, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MIKE LEVY, et al., | ) Case No. 25-cv-2136-DDC-TJJ |
| Defendants. | ) |
| | ) |
| FREIGHT LOGIC, INC., | ) |
| Intervenor. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' and Intervenor's Motion for Entry of Protective Order (ECF No. 119). Defendants and Intervenor request the entry of the Protective Order attached to their Motion as Exhibit A (ECF No. 119-1). Plaintiff Shannon Steede objects to the entry of the protective order, arguing the proposed protective order is overly broad and ultimately obstructive upon case preparation and discovery. Upon consideration of the matter, and for the reasons set forth below, the Court will grant the motion and enter the protective order proposed by Defendants and Intervenor, with the modifications discussed below.

**I.    Background**

Plaintiff alleges he was a co-founder of Freight Logic, Inc., and employed as the company's Chief Technology Officer ("CTO"). Plaintiff alleges Defendants wrongfully removed Plaintiff from his position as CTO, and "engaged in a pattern of misrepresentation regarding share

allocation, IP ownership, and Plaintiff's continuing role, both to Plaintiff and other stakeholders, intending to induce further contributions and conceal Plaintiff's exclusions."[1]

On June 16, 2025, Defendants and Intervenor filed a Motion for Entry of Protective Order, seeking to protect categories of information related to the intellectual property ("IP") at issue, and other documents regarding Freight Logic's operations including its employee personnel files, business plans, financial records, customer list, and trade secrets. Defendants and Intervenor argue disclosure of such information "would be extremely damaging, prejudicial and harmful to Defendants and Intervenor if disclosed to the general public or individual/entities not a party or participating in this litigation."[2]

Plaintiff objects to the entry of Defendant and Intervenor's proposed protective order on the bases that it (1) is overbroad, (2) provides no reciprocal protections, (3) has an obstructive impact on witness preparation and discovery, (4) contains no carve-out for core claims, and (5) allows for post-litigation control and overreach. Plaintiff states he does not object to the entry of a protective order if it were narrowly tailored to only protect genuine trade secrets and non-public customer list, applied reciprocally to all parties, excluded from protection any document tied to core legal claims, and does not restrict public filing.

## II.     Legal Standards

Federal Rule of Civil Procedure 26(c)(1) permits the court for good cause to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party that seeks the protective order bears the burden to show good cause.[3] To

---

[1] Second Am. Compl., ECF No. 116, p.1.
[2] Defs.' and Intervenor's Mot. for Entry of Protective Order, ECF No. 119, p. 3.
[3] *Jaiyeola v. Garmin Int'l, Inc.*, No. 20-2068-JWB, 2020 WL 6559426, at *1 (D. Kan. Nov. 9, 2020) (citing *Univ. of Kansas Center for Research, Inc. v. United States, et al.*, No. CIV-A 08-2565-JAR-DJW, 2010 WL 571824 (D. Kan. Feb. 12, 2010)).

establish good cause the party "must make a particular and specific demonstration of fact, and may do so on a generalized basis, as opposed to a document-by-document basis. If the party seeking protection shows good cause to believe discovery will involve confidential or protected information, agreement to enter a blanket protective order between the parties is not required."[4] The purpose of a blanket protective order is to ensure information designated by a party as confidential is protected from disclosure outside the litigation and used only for purposes of prosecuting or defending the action (and any appeals). The Tenth Circuit has recognized the usefulness of blanket protective orders, limiting the parties' use of discovery to the litigation in which it is obtained, as they allow for "full disclosure in discovery without fear of public access to sensitive information and without the expense and delay of protracted disputes over every item of sensitive information . . . ."[5]

"Because the Federal Rules of Civil Procedure do not expressly limit the parties' use of discovery to the litigation in which it is obtained, the parties themselves often agree and jointly request the court enter a proposed stipulated protective order that limits the disclosure, use, and dissemination of confidential information exchanged during discovery."[6] This District has an approved form protective order and published Guidelines for Agreed Protective Orders for the District of Kansas ("Protective Order Guidelines") which requires the parties to limit their designation of confidential information to specific and narrow categories of information they seek to protect.[7]

---

[4] *Yomi v. Becerra*, No. 21-2224-DDC, 2022 WL 36413, at *1 (D. Kan. Jan. 4, 2022).
[5] *Id.* (quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)).
[6] *Holman v. Future Growth, LLC et al.*, No. 24-CV-1012-EFM-TJJ, 2024 WL 3677604, at *3 (D. Kan. Aug. 2, 2024).
[7] Form Protective Order, https://www.ksd.uscourts.gov/civil-forms; Protective Order Guidelines, https://www.ksd.uscourts.gov/district-kansas-guidelines.

The Protective Order Guidelines provide, if the parties disagree about the need for a protective order and/or its scope or language, the party seeking such an order must file an appropriate motion with the proposed protective order attached. Protective Order Guidelines require the scope of the protective order be "narrowly tailored and not overbroad," and must include a "sufficiently narrow identification of the categories of documents, information, items, or materials (which may include electronically created or stored information) that are subject to the protective order."[8] The Protective Order Guidelines also require the protective order clearly reflect that its provisions only apply to the named categories of documents, information, items, or materials. Finally, the Protective Order Guidelines prohibit the parties from including in the protective order "information or documents that are available to the public or that have not been previously maintained in a confidential manner."[9]

### III. Plaintiff's Objections to Defendants' and Intervenors' Proposed Protective Order

Plaintiff objects to the entry of the proposed protective order on the bases that it (1) is overbroad, (2) provides no reciprocal protections, (3) has an obstructive impact on witness preparation and discovery, (4) contains no carve-out for core claims, and (5) allows for post-litigation control and overreach.

#### a. Overbreadth

Plaintiff argues the proposed protective order designates "nearly every meaningful document related to this dispute as confidential . . . . This would effectively allow Defendants to cloak nearly all discovery in secrecy."[10] However, the terms of the proposed protective order do not allow any party to cloak "discovery in secrecy." The proposed protective order, following this

---

[8] Protective Order Guidelines, at ¶ 2.
[9] *Id.*
[10] Pl.'s Resp. in Opposition to Defendants' Motion for Protective Order, ECF No. 121, p. 1.

District's Protective Order Guidelines, only seeks to "limit the disclosure, dissemination, and use of identified categories of confidential information."[11] This means the confidential information, as defined by the protective order, is to be protected from disclosure outside of this litigation, and should only be used for purposes of this action, and any appeals.[12] Nothing within the proposed protective order prevents Plaintiff from using confidential information during the course of the lawsuit, including at trial or a hearing, to support his claims or defenses.[13] Further, the entry of "[a] protective order can maintain the confidential nature of the information while allowing efficient discovery, a worthwhile objective in this case."[14] Accordingly, with the exception in the following paragraph, the Court does not find the proposed protective order overbroad.

The Court does, however, find Defendants and Intervenor's proposed definition of confidential information in subsection 2.a. that includes "[a]ny business records" to be overly broad. The Protective Order Guidelines do not permit such vague and sweeping definitions of confidential information.[15] Further, in subsection 2.d. Defendants and Intervenor already propose a narrower definition of confidential information to include "[p]roprietary business records."[16] The Court therefore will strike the language "[a]ny business records" from subsection 2.a. of the proposed protective order.

    b. **Reciprocal Protections**

---

[11] Proposed Protective Order, ECF No. 119-1, p. 1.
[12] *See id.* at p. 4 ("Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.")
[13] *Id.* at pp. 1, 4, and 6.
[14] *Bowers v. Mortgage Electronic Registration Systems*, No. CIV.A. 10-4141-JTM, 2011 WL 3328524, at *6 (D. Kan. Aug. 2, 2011).
[15] Protective Order Guidelines, at ¶ 2 ("Language such as . . . 'this protective order shall apply to all business records' is too vague and overly broad.").
[16] Proposed Protective Order, ECF No. 119-1, p. 1.

Plaintiff argues the "proposed order only protects Defendants and Intervenor Freight Logic, Inc., while offering no reciprocal mechanism for Plaintiff to designate sensitive documents or communications as confidential."[17] This is not true; the Court finds the protective order applies equally to all parties and allows any "producing party," including Plaintiff, to designate documents as confidential.[18]

### c. Obstruction

Plaintiff argues requiring non-parties to sign Attachment A before reviewing confidential information could "intimidate, discourage, or delay cooperation by witnesses who are critical to Plaintiff's case, and whose testimony would otherwise be unencumbered by burdensome certification procedures."[19] First, the Court does not find Attachment A, Acknowledgment and Agreement to Bound is a "burdensome certification procedure." Additionally, nothing within the proposed protective order encumbers or prevents a third-party from testifying, as Plaintiff suggests. After agreeing to be bound to the protective order, third-parties are permitted to testify about and utilize confidential documents, they merely must do so "solely for the purposes of the above-captioned action, and not . . . disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order."[20] The Court finds Plaintiff's objection on this basis is unpersuasive.

### d. Carve-out for Core Claims

Plaintiff argues the proposed protective order contains "no exemption for documents central to Plaintiff's core claims" and "[p]ermitting Defendants to shield these subjects as 'Confidential' would prevent the Court and the public from reviewing and understanding the very

---

[17] Pl.'s Resp. in Opposition to Defendants' Motion for Protective Order, ECF No. 121, p. 1.
[18] Proposed Protective Order, ECF No. 119-1, p. 4.
[19] Pl.'s Resp. in Opposition to Defendants' Motion for Protective Order, ECF No. 121, p. 1–2.
[20] Proposed Protective Order, ECF No. 119-1, p. 10.

basis of Plaintiff's lawsuit."[21]  Plaintiff seemingly conflates a protective order with an order to seal. The proposed protective order, adopting the language of the Court's standard form, resolves this discrepancy, stating: "Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets."[22]  The proposed protective order only seeks to facilitate discovery by labeling certain documents as confidential.  As noted in *Duncan v. Topeka*:

> To be clear, at this procedural juncture, the court is *not* addressing whether such information may be disclosed to the public. Rather, the court is simply ruling that, as a threshold matter, [parties] may designate this personal information "confidential" when produced in discovery under the provisions of the court's standard form protective order.[23]

Simply put, "documents may be filed under seal only with the court's permission after proper motion."[24]  Additionally, any party may challenge another party's designation of a document as confidential in appropriate circumstances and in accordance with the provisions of the protective order.[25]  The Court finds Plaintiff's request for a carve-out for core claims unpersuasive.

### e. Post-Litigation Control and Overreach

Finally, "Plaintiff objects to any [] provision that limits public filing of dispositive motions or trial materials."[26]  Again, nothing within the proposed protective order prevents Plaintiff from prosecuting his case or using confidential information in support of motions or at trial in

---

[21] Pl.'s Resp. in Opposition to Defendants' Motion for Protective Order, ECF No. 121, p. 2.
[22] Proposed Protective Order, ECF No. 119-1, p. 5–6.
[23] No. 24-2336-DDC-ADM, 2024 WL 5106677, at *2 (D. Kan. Dec. 13, 2024).
[24] Proposed Protective Order, ECF No. 119-1, p. 6.
[25] *Id.*
[26] Pl.'s Resp. in Opposition to Defendants' Motion for Protective Order, ECF No. 121, p. 2.

accordance with the provisions of the protective order. Instead, the proposed protective order merely requires Plaintiff ensure that confidential information receives proper protection.[27]

Plaintiff additionally objects on the basis that "the proposed order includes sweeping post-judgment control over documents, even allowing Defendants to demand destruction or return of documents after judgment."[28] However, the proposed protective order does not allow Defendants or Intervenor to "demand" destruction of any document after final judgment. The proposed protective order states "[t]he parties *may choose to agree* that the receiving party must destroy documents containing Confidential Information and certify fact of destruction" at the conclusion of the litigation.[29]

Finally, Plaintiff states he "reserves the right to use discovery materials in any related or follow-on action."[30] However, Plaintiff chose to bring this action against these Defendants, and "[t]he relevant discovery in this matter is only intended to be used by the parties to either support or deny the claims and defenses herein, not to be bootstrapped for use in" a different case.[31] The terms of the proposed protective order properly restrict the use of confidential documents and materials from this case in other legal actions. The Court does not find Plaintiff's post-litigation control and overreach arguments persuasive.

**IT IS THEREFORE ORDERED** that the Defendants' and Intervenor's Motion for Entry of Protective Order (ECF No. 119) is granted.

---

[27] Proposed Protective Order, ECF No. 119-1, p. 5.
[28] Pl.'s Resp. in Opposition to Defendants' Motion for Protective Order, ECF No. 121, p. 2.
[29] Proposed Protective Order, ECF No. 119-1 (June 16, 2025), p. 7, n.1 (emphasis added).
[30] Pl.'s Resp. in Opposition to Defendants' Motion for Protective Order, ECF No. 121, p. 2.
[31] *Linlor v. Holman*, No. 24-1001-DDC-GEB, 2025 WL 435988, at *3 (D. Kan. Feb. 7, 2025) (citing Fed. R. Civ. P. 26(b)(1)) (finding good cause to enter protective order over plaintiff's objection regarding the use of confidential materials in related or subsequent litigation).

**IT IS FURTHER ORDERED** that the Court will subsequently enter Defendants' and Intervenor's proposed protective order as modified by this Order.

**IT IS SO ORDERED.**

Dated July 14, 2025, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge

9